IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| ANTONIO CRAWFORD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 19-cv-1152-JES |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER AND OPINION

Now before the Court is Petitioner Antonio Crawford's Petition for Writ of Habeas Corpus pursuant to both 28 U.S.C. §§ 2255 and 2241 (d/e 1). This matter is now before the Court for preliminary review of the hybrid §§ 2255 and 2241 petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) and Rule 4 of the Rules Governing Section 2254 and Section 2255 Proceedings for the United States District Courts. Because it plainly appears from the Petition and attached exhibits that the Petitioner is not entitled to relief, Petitioner's Petition (d/e 1) is SUMMARILY DISMISSED and the Court DECLINES to issue a Certificate of Appealability.

### I. BACKGROUND

Petitioner, while serving other criminal sentences in Illinois state prison, "mailed to the federal courthouse in Portland, Maine, several letters vowing that federal judges and prosecutors in that district would 'pay' just as he had 'paid all my money to see most of yall dead.' He also wrote that he would rape the assistant United States attorney allegedly responsible for prosecuting his 'brother.'" *United States v. Crawford*, 665 Fed. Appx. 539, 540 (7th Cir. 2016). On April 18, 2013, Petitioner was charged in a one-count indictment with mailing threatening communications, in violation of 18 U.S.C. § 876(c). *United States v. Crawford,* Case No. 1:13-

cr-10048-JES (C.D. Ill.) (hereinafter, Crim.), Indictment (d/e 1). On November 3, 2014, Petitioner pleaded guilty without a plea agreement. Crim., Minute Entry Nov. 3, 2014.

The United States Probation Office prepared a revised Presentence Investigation Report ("PSR"). PSR (Crim., d/e 64). The PSR calculated that Petitioner had a criminal history score of 15, resulting in a criminal history category of VI. PSR ¶47 (Crim., d/e 64). Based on an offense level of 20 and a criminal history of VI, the PSR concluded Petitioner's advisory sentencing guidelines range was 70 to 87 months of imprisonment. PSR ¶65 (Crim., d/e 64). Under the statute, Petitioner's maximum term of imprisonment was 10 years. 18 U.S.C. § 876(c).

At the sentencing hearing on June 29, 2015, the Court sentenced Petitioner to 70 months' imprisonment "to run consecutive to the term imposed in NDIL Case No. 11-CR-500 and in Cook County, IL Case Nos. 11CR1345601 and 11CR 1288001." Judgment (Crim., d/e 69). Petitioner appealed his conviction and sentence, but the Seventh Circuit dismissed the appeal on October 28, 2016. *Crawford*, 665 Fed. Appx. at 544.

In November 2016, Petitioner filed a motion in his criminal case seeking to receive credit for time spent in federal custody prior to his sentence date. Motion (Crim., d/e 91). The Court denied the Motion, finding that the Petitioner was already serving three sentences when he committed the instant offense and that the Court had ordered this case to run consecutive to those cases. Crim., Nov. 9, 2016 Text Order.

In January 2019, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Vermont. The case was transferred to this district and subsequently voluntary dismissed at the request of Petitioner

because he did not want a court in this district to decide his Petition. *Crawford v. United States*, Case No. 1:19-cv-1033 (C.D. Ill.).

Petitioner filed this hybrid petition with claims pursuant to both §§ 2255 and 2241 in the United States District Court for the Central District of California, and it was subsequently transferred here. *See* Order (d/e 4). He claims he is entitled to relief under § 2255 because he found an error in his presentence investigation report and because his sentence is void because this Court had a conflict, and that he is entitled to relief under § 2241 because the Bureau of Prisons ("BOP") is refusing to give him credit for time served on his state court convictions. *See* Pet. (d/e 1).

## II.  DISCUSSION

### A.  Petitioner's Claims Under 28 U.S.C. § 2255 Must Be Dismissed.

A person convicted of a federal crime may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Relief under § 2555 is an extraordinary remedy because a § 2255 petitioner has already had "an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.2d 296, 298 (7th Cir. 1995), *cert. denied*, 116 S. Ct. 268 (1995). Here, Petitioner's claims must be dismissed because they are not cognizable in collateral review.

1. *Petitioner's Claim of Err in His Advisory Guidelines Calculation is Not Cognizable on Collateral Review.*

Petitioner first claims he is entitled to relief because he found an error on his presentence investigation report. *See* Pet. at 5-6 (d/e 1). Specifically, he alleges that the PSR awarded him 3

additional criminal history points for a charge that included "the same victim and same act, [and for which the] sentence was imposed [on the] same day. *Id.* However, two decisions from the Seventh Circuit, *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013) (*Hawkins I*), and *Hawkins v. United States*, 724 F.3d 915 (7th Cir. 2013) (*Hawkins II*), preclude relief for Petitioner, because together they hold a Petitioner may not seek on collateral review to revisit the district court's calculation of his advisory guidelines range. The Court is bound by the *Hawkins* decisions.

Given the interest in finality of criminal proceedings, in *Hawkins I* the Seventh Circuit held an erroneous interpretation of the guidelines should not be corrigible in a postconviction proceeding so long as the sentence actually imposed was not greater than the statutory maximum. *Hawkins I*, 706 F.3d at 823–25. It specifically distinguished the advisory guidelines from the mandatory system in place at the time of *Narvaez v. United States*, 674 F.3d 621 (7th Cir. 2011) (holding Narvaez's improper sentence under the mandatory guidelines constituted a miscarriage of justice). Hawkins moved for rehearing in light of *Peugh v. United States*, 133 S. Ct. 2072 (2013), in which the Supreme Court held the Guidelines were subject to constitutional challenges under the *ex post facto* clause "notwithstanding the fact that sentencing courts possess discretion to deviate from the recommended sentencing range." *Peugh*, 133 S. Ct. at 2082. The Seventh Circuit denied rehearing, finding that *Peugh* was distinguishable because it concerned a constitutional case whereas *Hawkins I* involved a miscalculated guidelines range, the legal standard in *Peugh* was lower than for postconviction relief, and *Peugh*'s retroactivity was uncertain. *Hawkins II*, 724 F.3d at 916–18 ("[I]t doesn't follow that postconviction relief is proper just because the judge, though he could lawfully have imposed the sentence that he did

impose, might have imposed a lighter sentence had he calculated the applicable guidelines sentencing range correctly.").

Here, as in *Hawkins*, the Court sentenced Petitioner under the advisory guidelines to a sentence well-below the statutory maximum sentence of ten years. The purported error in awarding 3 additional criminal history points when calculating Petitioner's advisory sentencing guidelines range does not represent a miscarriage of justice and is simply not cognizable in a § 2255 Motion.

Moreover, even if this claim was cognizable on collateral review, the Court finds that it does not have merit. Petitioner alleges that the presentence investigator gave him 3 additional points for criminal history for a charge that included the same victim, the same act, and for which the sentence was imposed on the same day. The Court presumes Petitioner is referring to the criminal history points he was awarded for Attempted Armed Robbery conviction and his federal bank robbery conviction. Under the sentencing guidelines, prior sentences that are not separated by an intervening arrest "are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day." U.S.S.G. § 4A1.2(a)(2). The PSR awarded 3 criminal history points for Petitioner's Attempted Armed Robbery conviction, which he was arrested for on July 23, 2011, and sentenced to 6 years imprisonment on August 30, 2012, in Cook County Circuit Court, Chicago, Illinois, Case No. 11CR1345601. PSR ¶42 (Crim., d/e 64). Petitioner was also awarded 3 criminal history points for his federal bank robbery conviction, which he was arrested for on July 23, 2011, and sentenced to 96 months' imprisonment on February 28, 2013, in the District Court

for the Northern District of Illinois, Case No. 11-CR-500-1.[1] These offenses were properly counted separately for the purpose of calculating Petitioner's criminal history, as the offenses were not contained in the same charging instrument and the sentences were not imposed on the same day. *See* U.S.S.G. § 4A1.2(a)(2). Accordingly, even if Petitioner's claim was cognizable on collateral review, it is meritless.

2. *Petitioner's Claim of a Conflict by the Court Was Already Addressed and Rejected by the Seventh Circuit.*

Petitioner's second claim must be dismissed because it was already raised and rejected in his direct appeal. Federal prisoners may not use § 2255 as a vehicle to circumvent decisions made by the appellate court in a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Doe v. United States*, 51 F.3d 693, 698 (7th Cir. 1995), *cert. denied*, 116 S. Ct. 205 (1995). Accordingly, a petitioner bringing a § 2255 motion is barred from raising: (1) issues raised on direct appeal, absent some showing of new evidence or changed circumstances; (2) non-constitutional issues that could have been but were not raised on direct appeal; or (3) constitutional issues that were not raised on direct appeal, absent a showing of cause for the default and actual prejudice from the failure to appeal. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717, 710-20 (7th Cir. 1994).

Here, Petitioner claims that the Court erred in sentencing him because "the courts was bound, by law, to never pass a criminal sentence on a Defendant where a conflict" arose. Pet. at

---

[1] Additionally, Petitioner was arrested for Armed Robbery on July 23, 2011, and sentenced to 15 years imprisonment on September 10, 2012, in Cook County Circuit Court, Chicago, Illinois, Case No. 11CR1288001. PSR ¶43 (Crim., d/e 64). However, he was not awarded any criminal history points for this offense pursuant to U.S.S.G. § 4A1.2(a)(2).

6-7 (d/e 1). Petitioner then refers to the threatening letter sent to the Court as the basis for the conflict. Petitioner brought this claim in his direct appeal before the Seventh Circuit and it was denied:

> Finally, Crawford insists that the district judge should have recused himself after receiving a threatening letter from Crawford. But recusal is not required if a defendant has made a threat for the very purpose of forcing a recusal, *see In re Nettles*, 394 F.3d 1001, 1002–03 (7th Cir. 2005), and the sentencing transcript suggests that this was Crawford's aim. *See also In re Basciano*, 542 F.3d 950, 957 (2d Cir. 2008); *United States v. Holland*, 519 F.3d 909, 910–11 (9th Cir. 2008); *United States v. Greenspan*, 26 F.3d 1001, 1006 (10th Cir. 1994). Crawford asked the judge if he had received the threatening letter and then said that remaining impartial after being threatened would be difficult for anyone. This was an obvious effort to manipulate a recusal, and it would be frivolous for Crawford to claim that the judge erred in refusing to step aside.

*Crawford*, 665 Fed. Appx. at 543. Petitioner has made no showing of new evidence or changed circumstance that would allow his claim to be reheard on collateral review. Accordingly, the Court finds that Petitioner is barred from raising this claim as well.

### B. Petitioner's Claim Pursuant to 28 U.S.C. § 2241 is Without Merit.

Petitioner also raises a claim under 28 U.S.C. § 2241 that the BOP has miscalculated his sentence. A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a petitioner is challenging the fact or duration of his confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 490, 93 S. Ct. 1827 (1973); *Waletzki v. Keohane,* 13 F.3d 1079, 1080 (7th Cir. 1994). The writ of habeas corpus may be granted where the petitioner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3).

Here, Petitioner argues that he should receive credit for his time served on the undischarged imprisonment terms that he was serving at the time he committed the federal offense here. The Court presumes that Petitioner is referring to the 6-year imprisonment sentence he is serving pursuant to his August 2012 conviction for Attempted Armed Robbery in

Cook County Circuit Court, Chicago, Illinois, Case No. 11CR1345601, and the 15-year imprisonment sentence he is serving pursuant to his September 2012 conviction for Armed Robbery in Cook County Circuit Court, Chicago, Illinois, Case No. 11CR1288001. Petitioner argues that he should be credited with time served on these sentences because they were taken into account in determining his sentence.

As an initial matter, Petitioner's claim appears to be premature and unexhausted. Petitioner is in state custody and is challenging the duration of his future federal confinement. The Attorney General, through the BOP, is responsible for computing terms of imprisonment for federal prisoners once they commence their sentence. *United States v. Wilson*, 503 U.S. 329, 333, 112 S. Ct. 1351, 1354 (1992). A sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Here, however, Petitioner is not yet in federal custody and it does not appear that the BOP has computed his sentence yet. Thus, his claim is likely premature and unexhausted. *See, e.g., Brown v. United States*, No. 2:09-CV-00172, 2009 WL 6962529, at *4 (S.D.W. Va. Nov. 18, 2009) (finding a § 2241 petition by an inmate in state custody challenging the way he believes the BOP will calculate his sentence in the future to be premature and unexhausted); *Brown v. Ashcroft*, 41 Fed. Appx. 873, 875 (7th Cir. 2002) ("The district courts are limited to reviewing the BOP's decisions.").

Assuming, *arguendo,* that Petitioner's claim is ripe for review, the BOP will not be able to give Petitioner credit for his time in state custody. When sentencing "a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . . Multiple terms of imprisonment imposed at different times run consecutively

unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a).  Here, pursuant to 18 U.S.C. § 3584(b), the Court ordered Petitioner's imprisonment sentence "to run consecutive to the term imposed in NDIL Case No. 11-CR-500 and in Cook County, Il Case Nos. 11CR1345601 and 11CR 1288001." Judgment (Crim., d/e 69).  Accordingly, the BOP will have no authority to award Petitioner credit for the time he serves on his undischarged terms of imprisonment.

### III.  CERTIFICATE OF APPEALABILITY

If Petitioner seeks to appeal this decision on his § 2255 claims, he must first obtain a certificate of appealability.  *See* 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability).  A certificate of appealability may issue only if Petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Here, Petitioner has not made a substantial showing of the denial of a constitutional right.  The Court declines to issue a certificate of appealability.

### IV.  CONCLUSION

For the reasons set forth above, Petitioner Antonio Crawford's Petition for Writ of Habeas Corpus pursuant to both 28 U.S.C. §§ 2255 and 2241 (d/e [1]) is SUMMARILY DISMISSED.  The Court DECLINES to issue a Certificate of Appealability.  This case is CLOSED.

Signed on this 29th day of July, 2019.

*/s/ James E. Shadid*
James E. Shadid
United States District Judge